UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LINDA COOLLICK, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:08-cv-1233 (WWE) |
| | : | |
| ABIGAIL HUGHES, | : | |
|     Defendant. | : | |

**MEMORANDUM OF DECISION ON PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT, DEFENDANT'S RENEWED
MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION TO
STRIKE DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT**

This action arises from plaintiff Linda Coollick's claim that defendant Abigail Hughes deprived her of her rights guaranteed by the Fourteenth Amendment to the United States Constitution by terminating her. Now pending before the Court are plaintiff's motion for summary judgment (Doc. #49), defendant's renewed motion for summary judgment (Doc. #53) and plaintiff's motion to strike (Doc. #54). For the following reasons, plaintiff's motion for summary judgment will be granted, defendant's renewed motion for summary judgment will be denied, and plaintiff's motion to strike will be denied.

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

**BACKGROUND**

The Court has previously denied defendant's motion for summary judgment (Doc. #40) on the grounds that defendant had failed to establish that plaintiff lost the protection of tenure when she accepted a durational position. The relevant factual background is set forth in that ruling.

1

At a status conference, the Court notified the parties that it believed that the question of plaintiff's tenure was a legal question that depended on how Conn. Gen. Stat. § 10-151 is read, and was not an appropriate question for a jury. As such, the Court instructed plaintiff to file a motion for summary judgment to settle this question.

In response to plaintiff's motion, defendant filed a renewed motion for summary judgment limited to the question of qualified immunity. Plaintiff thereafter filed a motion to strike defendant's renewed motion for summary judgment.

**DISCUSSION**

A motion for summary judgment must be granted if the pleadings, discovery materials before the court and any affidavits show that there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A dispute regarding a material fact is genuine if there is sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F.2d 348, 351 (2d Cir. 1981).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24. The mere existence of a scintilla of evidence in support of the nonmoving party's position is insufficient;

2

there must be evidence on which the jury could reasonably find for him. See Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the court resolves all ambiguities and draws all permissible factual inferences in favor of the nonmoving party. See Patterson v. County of Oneida, 375 F.3d 206, 218 (2d Cir. 2004). If there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper. See Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).

As indicated above, the Court suggested that plaintiff move for summary judgment with the hope that the parties would brief the meaning of section 10-151 and its effect on this case. Under section 10-151, a teacher who has attained tenure is entitled to continued employment unless her contract is terminated for one of the reasons set forth in section 10-151(d). Sekor v. Board of Educ., 240 Conn. 119, 125 (1997). These reasons include:

> (1) Inefficiency or incompetence...; (2) insubordination against reasonable rules of the board of education; (3) moral misconduct; (4) disability...; (5) elimination of the position to which the teacher was appointed or loss of a position to another teacher...; or (6) other due and sufficient cause.

Conn. Gen. Stat. § 10-151(d).

Defendant argues that plaintiff lost her tenure when she took the durational position. As noted in the Court's previous ruling, however:

> Defendant's contention that tenure attaches to a teacher's position rather than to the individual is belied by the text of the law. The text of section 10-151 implies that tenure attaches to

3

> the individual and is not dependent on the position that she may hold. Section 10-151(a)(6)(A)'s calculation for determining tenure does not depend on whether the teacher's position is durational or open-ended. Rather, to the extent that that section requires any type of position to earn tenure, it specifies "full-time continuous employment." Neither party has proffered any evidence that plaintiff's position was not "full-time" or "continuous" as those terms are defined in the law.

Coollick v. Hughes, 2010 U.S. Dist. LEXIS 28509, *10 (D. Conn. Mar. 25, 2010). There is nothing in the parties' papers now before the Court that would cast doubt on the Court's first reading of the statute. The statute is clear that whether a teacher keeps her tenure is not dependent on the durational nature of her position. Rather, unless one of the conditions set forth in section 10-151(d) arises, the teacher remains tenured.

The Court is troubled by defendant's continued insistence to plaintiff that her conditions of employment would not change with her move to the durational position. Indeed, the crux of defendant's argument is that a significant condition – her tenured status – did change with the transfer. Such assurances to plaintiff that the terms and conditions of her employment would remain the same no matter what position she was in makes it impossible for the Court to find, as a matter of law, that plaintiff was not tenured.

The Court therefore concludes that plaintiff was tenured and entitled to due process protections before she was terminated. The Court cannot rule at this stage on whether any protections that defendant claims plaintiff afforded were adequate under the Fourteenth Amendment. This is a question, instead, for a jury.

The Court will now address defendant's renewed motion for summary judgment on the issue of qualified immunity, which the Court will construe the motion as a motion

4

for reconsideration. Therefore, it will deny plaintiff's motion to strike.

A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." Local R. Civ. P. 7(c)(1). Such a motion should be granted only where the Court has overlooked facts or precedents which might have "materially influenced" the earlier decision. Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 1991). The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

Defendant argues that the Court of Appeals' decision in Plofsky v. Giuliano demonstrates that defendant is entitled to qualified immunity. In that case, the Court of Appeals affirmed the District Court's ruling regarding the requisite level of due process to which an employee with a property interest in his position is entitled. Plofsky, 375 Fed. Appx. 151 (2d Cir. 2010). The District Court, in its initial ruling, found that the pre-termination due process provided to the plaintiff was adequate. See Plofsky v. Giuliano, 2009 U.S. Dist. LEXIS 26566 (D. Conn. Mar. 31, 2009); see also Plofsky v. Giuliano, 2009 U.S. Dist. LEXIS 45467 (D. Conn., May 19, 2009) (ruling on reconsideration). The Court in Plofsky relied on the Court of Appeals' decision in Adams v. Suozzi, which was released on February 22, 2009, as clarifying the relevant standard for pre-termination notification for tenured employees. See Adams, 517 F.3d 124, 128 (2d Cir. 2008).

Defendant raises for the first time the argument that plaintiff received appropriate pre-termination due process. It is a question of fact, however, whether the letter that

plaintiff received on November 14, 2007 constituted sufficient due process. The letter indicated to plaintiff that her position would be eliminated, not whether she would be terminated. In light of this distinction, the Court will deny defendant's renewed motion for summary judgment.

Here, a reading of the statute would lead to the conclusion that plaintiff retained her tenure even when moved to a different position. Therefore, her right to continued employment was clearly established. It was not objectively reasonable for defendant to terminate plaintiff in light of this clearly established right. Qualified immunity is not appropriate based on these grounds.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment (Doc. #49) is GRANTED in part, defendant's renewed motion for summary judgment (Doc. #53) is DENIED and plaintiff's motion to strike (Doc. #54) is DENIED. Counsel should contact Chambers regarding scheduling this trial.

Dated at Bridgeport, Connecticut, this 29th day of November, 2010.

                                     /s/
                               Warren W. Eginton
                               Senior United States District Judge